979 F.2d 216
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Laureano L. LONGOS, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3244.
 United States Court of Appeals, Federal Circuit.
 Sept. 18, 1992.
 
 Before MICHEL, Circuit Judge, COWEN, Senior Circuit Judge, and LOURIE, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Laureano L. Longos petitions for review of Merit Systems Protection Board decision, Docket No. SE08319110214, affirming the Office of Personnel Management's (OPM) reconsideration decision that denied his application for a civil service retirement annuity. We affirm.
 
 DISCUSSION
 
 2
 On February 21, 1991, OPM denied Longos' request for reconsideration of its decision that Longos was not entitled to a civil service retirement annuity because he had not shown that he was separated from a position covered by the civil service retirement system preceded by 5 years of creditable service. Longos appealed to the Board contending that his service with the Philippine Commonwealth from December 30, 1941, to January 20, 1945, and his service with the United States Department of the Army as a mechanic from September 15, 1945, to October 24, 1948, entitled him to an annuity. The Administrative Judge (AJ) determined that Longos' service with the Philippine government was not creditable service.
 
 
 3
 The AJ also determined that Longos' three years service with the Army was not covered service, because his personnel record showed that his position was not subject to the Civil Service Retirement System and that no deductions were taken from his salary and paid into the retirement fund. Accordingly, the AJ determined that Longos failed to establish that he met the requirements for an annuity. The Board denied Longos' petition for review because it did not meet the criteria for review. 5 C.F.R. § 1201.115.
 
 
 4
 We review the Board's decision under a very narrow standard, affirming the decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). An applicant for benefits has the burden of showing that he is entitled to benefits. Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987).
 
 
 5
 Longos has not shown that his service with the Philippine Commonwealth was creditable service. The only service with the Insular Government of the Philippines that is creditable toward civil service retirement, is service between 1898 and November 15, 1935. See Federal Personnel Manual, Supplement 831-1, Appendix C-4 (Rev. Sept. 21, 1981). This has been established by a number of decisions of the MSPB, which have been affirmed by this court. See e.g., Libarios v. OPM, 32 M.S.P.R. 322 (1987), aff'd., 827 F.2d 1072 (Fed.Cir.1987) (Table), cert. denied, 109 S.Ct. 117 (1988).
 
 
 6
 The AJ correctly noted that even if Longos' Army service should be counted for retirement, it would not give Longos the required credit of five years creditable service.
 
 
 7
 The findings of the AJ are supported by substantial evidence and his conclusions are correct as a matter of law. Accordingly, the decision of the MSPB is affirmed.